Octa Branch ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37479.

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

No attorney of record for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Cletus A. Davis and Ripley Woodard, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

The state's testimony shows that on the day in question the appellant, while driving his automobile upon a public street and highway in the city of Houston, was involved in a collision with another automobile in which four young people were riding. After the collision, which occurred at an intersection, appellant drove about a block and stopped.

Larry Bond, the driver of the other automobile, testified that after the collision he went to where appellant was seated in his automobile, leaning against the door "from one side to the other," and that at such time appellant acted as if he could not keep awake and was going to sleep.

Officers Rominger and Adamson testified that they went to the scene after the collision and observed the appellant. In describing his appearance and action, the officers testified that appellant appeared to be sleepy, that he had difficulty in producing his driver's license, that he had trouble walking, his speech was slurred, he spoke with a lot of profanity and stated that he was "too damn drunk to drive his car." The officers testified that appellant had the smell of alcohol on his breath, and each expressed his opinion that appellant, at such time, was intoxicated.

It was further shown that after the collision a pint bottle of vodka which was one-fifth empty and two empty half-pint vodka bottles were found in appellant's automobile.

Testifying as a witness in his own behalf, appellant admitted having had two drinks of vodka prior to the collision. He swore that he had no recollection of the collision and that he thought the juveniles in the other car were trying to curb him. Appellant denied making the statement that he was too drunk to drive or having used profanity in talking to the police officers. He further denied that he was sleepy and explained that the reason for his leaning forward in the automobile was to relieve pressure from a chronic pain at the end of his spinal column.

The record contains no formal bills of exception and there are no objections to the court's charge. No brief has been filed on behalf of appellant.

We have examined the informal bills of exception appearing in the statement of facts and find no reversible error.

The evidence, being sufficient to support the jury verdict, the judgment of conviction is affirmed.

Opinion approved by the Court.